

FILED
OCT 17 2007
OCT 1 7 2007    NF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Maria Guevara,                          )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  07CV5858
                                        JUDGE GOTTSCHALL
Midland Funding NCC-2 Corp., a          MAGISTRATE JUDGE DENLOW
Delaware corporation, and Blatt,
Hasenmiller, Leibsker & Moore LLC, an   )
Illinois limited liability company,     )
                                        )
    Defendants.                         )     Jury Demanded

## COMPLAINT

Plaintiff, Maria Guevara, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant Midland transacts business here, and Defendant Blatt resides and transacts business here.

## PARTIES

3.     Plaintiff, Maria Guevara ("Guevara"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt allegedly owed originally to Associates for a credit card and then allegedly owed to Midland Funding NCC-2 Corp.

4.     Defendant, Midland Funding NCC-2 Corp., is a Delaware corporation ("Midland"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Midland was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Guevara.

5.     Defendant Midland is a debt scavenger that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection law firms, like Defendant Blatt. The debts Midland buys are often so old that they are beyond the statute of limitations, and Midland often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

6.     Defendant, Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt"), is an Illinois limited liability company and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Blatt was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Guevara.

## FACTUAL ALLEGATIONS

7.     At some point in the past, Ms. Guevara allegedly opened an account for an Associates credit card, which subsequently became delinquent. According to

2

Defendants, the account was purchased by Defendant Midland from a purported "predecessor in interest", who Defendants have not even identified.

8.    Defendants thereafter began attempting to collect the alleged debt from Ms. Guevara. On May 8, 2007, Defendants filed a lawsuit against Ms. Guevara in a matter styled: Midland Funding NCC-2 Corp. v. Guevara, Case No. 2007-M1-145386 (Cook County, Illinois)(the "State Court Lawsuit"). The complaint in the State Court Lawsuit claimed that Midland was "authorized to do business in the State of Illinois" – even though Defendant Midland is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70. A copy of the State Court Lawsuit is attached as Exhibit A.

9.    The complaint in the State Court Lawsuit was based on an alleged contract originally entered into between Associates and Ms. Guevara, but asserted that Ms. Guevara was liable to Midland based upon an "account stated" in the amount of $1,003.37. Defendants failed to attach to the complaint in the State Court Lawsuit the alleged contract, failed to attach or allege in any detail any of the several assignments between the original creditor and all owners of the debt up to Defendant Midland, and failed to attach any documents, or allege any facts, supporting the alleged account stated.

10.    In the State Court Lawsuit, Defendants claimed that Ms. Guevara was liable for the purported balance, as well as an unspecified amount of costs.

11.    Defendants have a policy, practice and procedure of filing lawsuits on scavenged debt as to which they have no documentary proof and cannot obtain same. Instead, Defendants rely upon obtaining default judgments against consumers, but

close up their shop and dismiss their lawsuits if challenged by an attorney for the consumer.

12.    Here, when Ms. Guevara challenged Defendants' State Court Lawsuit via a motion to dismiss, the Defendants folded up shop and moved to strike their bogus lawsuit with leave to re-file it; Defendants, however, failed to re-file their lawsuit within the time prescribed by the State Court.

13.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

14.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

15.    Plaintiff adopts and realleges ¶¶ 1-14.

16.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

17.    Defendants' collection actions which violated § 1692e of the FDCPA, include, but are not limited to:

    A)    falsely stating the amount of the debt;

    B)    falsely stating that Defendant Midland was "authorized to do business in the State of Illinois;

    C)    falsely claiming a right to recover an unspecified amount of interest;

4

D)   falsely claiming that an account stated existed and filing suit

beyond the applicable statute of limitations.

18.   Defendants' violations of § 1692e of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §

1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19.   Plaintiff adopts and realleges ¶¶ 1-14.

20.   Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. §

1692f.

21.   Defendants' collection actions which violated § 1692f of the FDCPA,

include, but are not limited to:

A)   filing the complaint in the State Court Lawsuit, when Defendants

had no intent, nor likely any ability, ever to obtain documentary proof to

support their claims;

B)   filing a lawsuit when Midland was not licensed or registered to do

so in the State of Illinois;

C)   asserting an inapplicable theory of recovery, because Defendants

cannot prove the real cause of action, namely breach of a written contract;

and,

D)   wrongly claiming a right to recover an unspecified amount of

interest on their alternative theory of recovery, when, in fact, that right only

5

existed, if at all, if the alleged written contract so provided, and wrongly filing suit beyond the applicable statute of limitations.

22.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Maria Guevara, prays that this Court:

1.     Declare that Defendants' collection actions violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Guevara and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Guevara, demands trial by jury.

Maria Guevara,

By: _____
One of Plaintiff's Attorneys

Dated: October 18, 2007

David J. Philipps
Mary E. Philipps
Bonnie C. Dragotto
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

6

1802369

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT, FIRST DISTRICT, COOK COUNTY

MIDLAND FUNDING NCC-2 CORP
        Plaintiff

vs.

MARIA GUEVARA


        Defendant(s)

Case No.: **07M1 - 14538 6**

Amount Claimed: $ 1003.37 + costs

Return Date:    06-11-07

## COMPLAINT

The Plaintiff, MIDLAND FUNDING NCC-2 CORP, claims as follows:

1. Plaintiff MIDLAND FUNDING NCC-2 CORP, is a corporation authorized to do business in the State of Illinois and the Defendant(s) MARIA GUEVARA is/are a resident of COOK County, Illinois.

2. The Defendant(s) opened a charge account with ASSOCIATES agreeing to make monthly payments as required by the terms of the Charge Agreement, for the purchases charged to the account.

3. Plaintiff is the successor in interest of said account from ASSOCIATES having purchased said account in the regular course of business in good faith and for value.

4. The Defendant(s) did make purchases and charged same to the account but failed to make the monthly payments called for on the account. There is an account stated in the amount of $ 1003.37 (See Client affidavit as Plaintiff's Exhibit No. 1.)

5. Plaintiff declared Defendant(s) to be in default and demands payment of balance.


WHEREFORE, the Plaintiff, MIDLAND FUNDING NCC-2 CORP, prays for judgment against the Defendant(s), MARIA GUEVARA  , in the amount of $ 1003.37 plus costs.


Blatt, Hasenmiller, Leibsker & Moore LLC - 01237
125 South Wacker Drive, Suite 400
Chicago, IL 60606
(866) 289-9858

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR

**EXHIBIT A**

BLCCP (02/2003)

1802369

**Form 409 (Illinois & Indiana)**

State of _____ )
                          ) ss.
County of _____ )

In _____ Court

_____ Judicial (Circuit/District)

Midland Funding NCC-2 Corp,
                    Plaintiff

Vs.

GUEVARA, MARIA,
            , Defendant

**Affidavit**

After first being sworn upon oath, AMY BERSCHEIT, deposes and states as follows:

1. I am employed by Midland Credit Management, Inc., servicer of this account on behalf of Midland Funding NCC-2 Corp. I make the statements herein based upon my personal knowledge. Midland Funding NCC-2 Corp is the current owner of, and/or successor to, the obligation sued upon.

2. That by virtue of such relationship and my employment with Midland Credit Management, Inc., I have personal knowledge of relevant financial information concerning Midland Credit Management, Inc.'s account number ▮▮▮▮▮▮▮, which includes the following information: that the defendant did fail to make payments on the account and that demand has been made for defendant to make payment of the balance owing on the account described above more than thirty(30) days prior to making this affidavit; that the attorneys representing plaintiff Midland Funding NCC-2 Corp were retained on Midland Funding NCC-2 Corp - Midland Funding NCC-2 Corp behalf by me or persons reporting to me for the purpose of collecting the delinquent debt owed on the defendant's account number set out above; and that there was due and owing to Midland Funding NCC-2 Corp the sum of $1,003.37.

3. That plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's ASSOCIATES account number, ▮▮▮▮▮▮▮▮▮▮▮ to the plaintiff.

4. That the final statement of account reveals that the defendant owed a balance of $1,003.37 on 2000-12-26; and that such balance will continue to earn interest at a rate of _____% as an annual percentage rate, until judgment is entered herein, after which interest on the unpaid balance shall accrue as required by law and as set forth within the terms of the judgment. I affirm that the final statement of account is true and correct.

5. That by virtue of the foregoing, the defendant is delinquent in payments due and owing on the account, allowing plaintiff to accelerate the entire balance as due and owing. That plaintiff has made demand of defendant to make either payments on the account, or pay the entire balance due and owing, but defendant has, in all things, failed or refused to make payments as demanded by plaintiff.

6. That upon information and belief, based upon business dealings with the defendant, that defendant is not in the military service and is not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

Dated this 22 day of February, 2007.

AMY BERSCHEIT

_____
                    Affiant's Signature

Ex #1

Form 409 (Illinois & Indiana)

State of Minnesota
Stearns County
Subscribed and sworn to (or affirmed) before me on this 22 day of February 2007
by AMY BERSCHEIT personally known to me or proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.
(SEAL)

BERNICE EVELYN THELL
Notary Public-Minnesota
My Commission Expires Jan. 31, 2011

Notary Public for the State of Minnesota

BLATT, HASENMILLER, LEIBSKER & MOORE