# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA GUEVARA, | ) |
| Plaintiff, | ) |
| | ) Case No. 07 C 5858 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| MIDLAND FUNDING NCC-2 CORP., and | ) |
| BLATT, HASENMILLER, LEIBSKER & | ) |
| MOORE, LLC, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants, Midland Funding NCC-2 Corp. ("Midland") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") (collectively, the "Defendants"). For the reasons stated below, the motion to dismiss is denied.

### I. BACKGROUND[1]

This case arises from a state court complaint filed against the plaintiff, Maria Guevara ("Guevara"), by the Defendants, who are debt collectors. In May 2007, Midland, represented by BHLM, filed suit in the Circuit Court of Cook County attempting to collect $1,003.37, plus costs, from Guevara.[2] In its five paragraph complaint ("Midland's State Court Complaint"),

---

[1] The factual allegations are taken from the complaint and are deemed true for purposes of this motion. *See Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005) (noting that all reasonable inferences must be drawn in favor of plaintiff).

[2] Case no. 07-M1-145386, filed on May 8, 2007.

Midland alleged that: Midland was a corporation authorized to do business in Illinois; Guevara had opened a charge account with "Associates"; Guevara failed to make monthly payments as agreed; Midland was the successor in interest of the account stated in the amount of $1003.37. *See* Compl., Ex. A. Attached to Midland's State Court Complaint was an affidavit, signed by Amy Berschett, an employee of Midland. The affiant averred, in part, that Midland's "predecessor in interest sold and assigned all right, title and interest" to the debt to Midland and that the balance was $1,003.37 as of December 26, 2000. *See* Compl., Ex. 1 to Ex. A. No other documents were attached to Midland's State Court Complaint. After Guevara filed a motion to dismiss Midland's State Court Complaint, Midland moved to strike its complaint with leave to re-file. The circuit court granted Midland's motion; however, Midland never re-filed the complaint.

Guevara subsequently filed a two-count complaint, in federal court, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Count I alleges that Midland and BHLM violated § 1692e of the FDCPA, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Guevara contends that the following facts alleged in Midland's State Court Complaint are false: (1) Midland was authorized to do business in Illinois; (2) the debt amount; (3) Midland had a right to recover an unspecified amount of interest; (4) an account stated existed; and (5) the suit was filed within the statute of limitations. Count II alleges that Midland and BHLM violated § 1692f of the FDCPA, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Guevara alleges that the following actions are unfair or unconscionable: (1) filing

Midland's State Court Complaint without documentary proof of the claims; (2) filing suit when Midland was not licensed in Illinois; (3) asserting an inapplicable theory of recovery, namely the account stated rather than the written contract; (4) claiming a right to recover an unspecified amount of interest on an account stated; and (5) filing beyond the statute of limitations.

## II. ANALYSIS

Before the court is the Defendants' motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). As a preliminary matter, the court must determine whether its consideration should include exhibits to the Defendants' memorandum in support of their motion to dismiss. *See* Joint Mem. in Supp. of Defs.' Mot. to Dismiss, Exs. A-B. Citing to *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), the Defendants contend that the documents are part of the pleadings. In *Venture Associates*, the court observed that a court could consider documents attached to a motion to dismiss without converting the motion into a motion for summary judgment where documents are "referred to in the plaintiff's complaint and are central to her claim." *See id.* (distinguishing the mandatory requirements of Federal Rule of Civil Procedure 12(d) from the permissive provisions of Rule 10(c)). The court therefore found that correspondence was part of the pleadings where the plaintiff referred to the documents in her breach of contract complaint and the documents disclosed details that "constitute[d] the core" of the plaintiff's claim including the parties' contractual relationship. *See id.* at 431-32.

Guevara refers to the motion to dismiss in her complaint. *See* Compl. ¶ 12. However, unlike the documents in *Venture Associates*, the content of the motion to dismiss is not central to Guevara's FDCPA claim. Guevara lays out the factual basis of her claim in her complaint and

3

her claim depends on nothing more than the accuracy of allegations in Midland's State Court Complaint. Thus, although the contents of the motion to dismiss may add flesh to the bones of Guevara's complaint, it is by no means the backbone upon which the complaint depends for support. The motion to dismiss, therefore, presents matters outside of the pleadings. Consequently, the court excludes the exhibits and will consider only the parties' briefs in ruling on the Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d); *Venture Assocs. Corp.*, 987 F.2d at 431.

**A.      Legal Standard**

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's claim fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973-74 & n.14; *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Concentra Health Servs., Inc.* 496 F.3d at 776 (citing *Twombly*, 127 S. Ct. at 1965, 1973 n.14).

**B.     Arguments**

    **1.     Whether Plaintiff States A Claim Under The FDCPA Based On Defendant's Alleged Failure To Register As A Business In Illinois**

Defendants argue that it is irrelevant that Midland does not have a license to do business in Illinois because either: (1) filing a lawsuit is not "transacting business" within the meaning of the Illinois Business Corporation Act of 1983, 805 Ill. Comp. Stat. 5/1 *et seq.* ("IBCA"); or, in the alternative, (2) a foreign corporation engaged in interstate commerce does not need to register with the state. Therefore, the argument goes, Midland did not act deceptively or unfairly in claiming that it was "authorized to do business in the State of Illinois" and Guevara cannot state a claim for a violation of the FDCPA based on this statement. Guevara contends that the statement is false and violates § 1692e whether or not an interstate commerce exception applies or the IBCA allows the incidental filing of a lawsuit.[3]

"No foreign corporation transacting business in [Illinois] without authority to do so is permitted to maintain a civil action in any court of this State, until the corporation obtains that authority." 805 Ill. Comp. Stat. 5/13.70(a). A corporation engaged in "occasional and isolated transactions in Illinois" does not require a certificate of authority. *Subway Rests., Inc. v. Riggs*, 696 N.E.2d 733, 737 (Ill. App. Ct. 1998). Nor does a corporation that is simply conducting interstate commerce. *Id.* The Illinois legislature has also established a list of activities that, where conducted by a foreign corporation, "shall not be considered to be transacting business in

---

[3]The court assumes that Guevara contends that the phrase "authorized to do business" implies that a business is licensed or registered in Illinois. However, she presents no authority for this interpretation of the phrase. The Defendants assert that the phrase can encompass a factual scenario where a business that is not required to obtain a license or register nevertheless occasionally does business in Illinois. They present no authority for their interpretation either.

this State." *See* 805 Ill. Comp. Stat. 5/13.75.  One of these exclusions is "maintaining, defending, or settling any proceeding."  *See id.* 5/13.75(1).  The Defendants assert, in part, that this exclusion applies to them.  They cite to cases that stand for the (undisputed) proposition that a company that is not required to obtain a business license in Illinois may still maintain suit here.  *See, e.g.*, *Career Concepts, Inc. v. Synergy, Inc.*, 865 N.E.2d 385, 403 (Ill. App. Ct. 2007).  However, the cases do not resolve the antecedent question of whether Midland *is required* to obtain a license for its activities in Illinois.[4]

To answer this question, the Defendants rely primarily on *Rice v. Palisades Acquisition XVI, LLC*, No. 07 C 4759, 2008 WL 5358921 (N.D. Ill. Feb. 25, 2008) (Kocoras, J.), which they submitted as supplemental authority after the conclusion of briefing.  *Rice* concerned very similar facts and arguments to those herein, namely that a foreign debt collector business hired BHLM to file suit against an Illinois resident to collect the debt.  *Id.* at *1.  The court observed that the IBCA prohibits foreign corporations from filing civil actions in Illinois if they are transacting business in Illinois without authority to do so.  *Id.* at *4 (citing 805 Ill. Comp. Stat. 5/13.75(1)).  It further noted that the term "transacting business" specifically excludes maintaining a lawsuit and "occasional and isolated" transactions.  *Id.* (citing *St. Louis Hills Urological Assoc. v. Nicoletti, Inc.*, 506 N.E.2d 602, 603 (Ill. App. Ct. 1987) and *Vinylweld, Inc. v. Metro. Greetings, Inc.*, 360 F. Supp. 1360, 1362 (Ill. App. Ct. 1973)).  Reasoning that activity between the parties was a one-time lawsuit by a foreign corporation, the court concluded that the

---

[4]Guevara seems to argue that this question is irrelevant to the court's inquiry.  *See* Pl.'s Resp. at 6.  Although the court understands that it is the falsity of the statement that is the basis for the FDCPA claim, absent proof that there is a single meaning of "authorized to do business," the court would need to review evidence on whether Midland was required to obtain a license or registration from the State of Illinois in order to determine if the statement is false.

6

plaintiff had "demonstrate[d] that [the defendants] engaged in an isolated transaction with him, but d[id] not demonstrate that either entity was 'transacting business' in Illinois." *Id.* The court therefore held that the plaintiff "fail[ed] to allege sufficient facts to support an FDCPA claim against [BHLM] because [BHLM] did not falsely . . . threaten to take action against [the debtor] on behalf of [a foreign corporation debt collector] that could not legally be taken." *Id.*

The court cannot concur with the *Rice* court's assumption that the filing of lawsuits cannot constitute "transacting business" when performed by a debt collector, or its requirement for facts regarding the extent of the defendants' business transactions at the pleading stage. A determination of whether transactions are occasional or not, such that the foreign corporation does not need a license, requires a fuller review of the facts than is possible on a Rule 12(b)(6) motion. *See, e.g., Subway Rests., Inc. v. Riggs*, 696 N.E.2d 733, 737 (Ill. App. Ct. 1998) (reviewing the record of a case on appeal from summary judgment to determine whether the defendant had met the burden of showing that the foreign corporation conducted "a substantial amount of business in Illinois"). The legislative history regarding the type of business at issue, debt collection, supports this conclusion. *See* 805 Ill. Comp. Stat. 5/13.75 (2004) (blank subsection 8 in the list of "activities that do not constitute transacting business"); 2003 Ill. Laws 59 (amending 5/13.75 to delete subsection 8, which read "securing or collecting debts or enforcing mortgages and security interests in property securing the debts," from the list of "activities that do not constitute transacting business").

Guevara's FDCPA claim rises or falls on the accuracy of the statement that Midland was authorized to transact business in Illinois. The fundamental questions, therefore, are: (1) what business Midland, a foreign corporation, is transacting in Illinois; and (2) whether Midland is

7

transacting a sufficient amount of business to require it to register and/or obtain a license in Illinois. If its business is occasional, then the statement that it was "authorized to conduct business" without a license may be true (as the Defendants argue); however, if its business was substantial, then it may have needed a license and the statement may be false (as Guevara argues). Such a determination necessarily requires an evaluation of evidence regarding the scope of Midland's activities in Illinois and the court rejects both parties' contention to the contrary.

      2.       **Whether Plaintiff States A Claim Under The FDCPA Based On Alleged Deficiencies In The State Court Complaint**

The Defendants argue that the FDCPA does not control what should be included in state court pleadings and that the Seventh Circuit, in *Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), explicitly rejected using the FDCPA to enforce perceived violations of other rules or statutes. In response, Guevara contends that the Defendants misread *Beler* and points to several district court cases that have refused to dismiss claims such as hers. In reply, the Defendants argue the merits of Guevara's allegations. However, on a motion to dismiss, the court is required to accept all allegations as true and construe them in the light most favorable to the plaintiff. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005). Therefore, the court treats as true Guevara's allegations that Defendants made false statements and employed unfair collection methods in its state court collection action. *See* Compl. ¶¶ 17, 21. The only question before the court, therefore, is whether an FDCPA cause of action may arise from false statements and unfair activities in a state court collection complaint.

In *Beler*, the plaintiff sued BHLM for alleged violations of the FDCPA that occurred during a state court collection case. 480 F.3d at 472. The plaintiff alleged, in part, that the state court complaint violated § 1692e of the FDCPA because the description of the relationship

8

between the merchant, transaction processor, and creditor in the complaint was unclear. *Id.* The Seventh Circuit observed that "[t]his theory assumes that the [FDCPA] regulates the contents of complaints, affidavits, and other papers filed in state court." *Id.* The court found no violation of the FDCPA and noted in passing that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Id.* at 473. The plaintiff also alleged that BHLM violated § 1692f of the FDCPA by serving a citation that caused her bank to freeze her account despite the fact it contained only exempt social security income. *Id.* In rejecting the claim and finding that "Illinois law was followed to the letter," the Seventh Circuit stated that the FDCPA is not a "piggy back jurisdiction clause" and that if BHLM's conduct violated a separate law, like the Social Security Act or Illinois state law, then "that statute's rules should be applied." *Id.* at 474.

"Although *Beler* questioned the applicability of the FDCPA to state court filings, the Seventh Circuit chose not to decide that issue." *See Foster v. Velocity Invs., LLC*, No. 07 C 824 & No. 07 C 2989, 2007 WL 2461665, at *2 (N.D. Ill. Aug. 24, 2007) (Hibbler, J.). Also, *Beler* involved allegations regarding the *content* of a state complaint and actions that potentially violated other federal statutes *but not the FDCPA itself*; it did not deal with allegations of misrepresentations in pleadings. Therefore, "present Seventh Circuit case law does not preclude a claim based on false representation in a state court complaint under the FDCPA." *Jenkins v. Centurion Capital Corp.*, No. 07 C 3838, 2007 WL 4109235, at *2 (N.D. Ill. Nov. 15, 2007) (Darrah, J.); *see Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2002) (including potential legal damages and costs in the amount of the debt stated on a state court complaint is a misrepresentation in violation of the FDCPA); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (finding an allegation regarding the legal status of the debt collector in a

9

state court complaint, namely that the debt collector was subrogated to the rights of a creditor, constituted a false representation in violation of the FDCPA).

Other district courts have allowed claims regarding alleged false statements and unfair acts during state court proceedings to go forward for determination on the merits. *See, e.g.*, *Parkis v. Arrow Fin. Servs., LLS*, No. 07 C 410, 2008 WL 94798 (N.D. Ill. Jan. 8, 2008) (Coar, J.) (denying summary judgment on a claim for violation of FDCPA for filing a state court complaint that attempted to collect a time-barred debt on the grounds of bona fide error but granting summary judgment as to the statute of limitations issue); *Jenkins*, 2007 WL 4109235, at **2-3 (denying motion to dismiss claim alleging failure to attach a contract and details of assignments to a state court complaint); *Foster*, 2007 WL 2461665, at *2 (N.D. Ill. Aug. 24, 2007) (Hibbler, J.) (denying motion to dismiss claim alleging misstatement of principal balance as an amount inclusive of both principal and interest in state court complaint)*; Chavez v. Bownman, Heintz, Boscia & Vician*, No. 07 C 670, at *3 (N.D. Ill. Aug. 22, 2007) (Darrah, J.) (denying motion to dismiss claim for misstatement of the debt amount in state court complaint "because there are issues of fact . . . specifically, whether [defendant's] statements were the result of a bona fide error"). The court agrees with the other courts in this district that a plaintiff may state a claim for violations of the FDCPA based on misrepresentation and unfair collection practices in a state court complaint and that *Beler* did not foreclose the possibility of such a claim. Consequently, the court finds that Guevara has sufficiently stated a claim for violations of the FDCPA by alleging that the Defendants misrepresented information in the state court complaint and committed other unfair collection practices when filing the state court complaint.

3. **Whether Plaintiff Pleads Sufficient Facts To Provide Fair Notice Of Her Claims Against Defendants**

Finally, the Defendants assert, citing *Twombly*, that Guevara has failed to plead sufficient facts to put them on notice of the claims against them. The Defendants, complaining that Guevara does not explain why the Defendants' actions violated the FDCPA, seem to imply that Guevara must lay out her entire legal argument and supporting evidence in her complaint. The argument has no merit.

The Seventh Circuit, in its most recent discussion of *Twombly*, emphasized that notice pleading remains the standard in federal court. *See Tamayo v. Blagojevich*, ___ F.3d ___ , 2008 WL 2168638, at *6 (7th Cir. May 27, 2008) ("Although the opinion contains some language that could be read to suggest otherwise, the Court in [*Twombly*] made clear that it did not, in fact, supplant the basic notice-pleading standard."). "For complaints involving complex litigation – for example, antitrust or RICO claims – a fuller set of factual allegations may be necessary to show that relief is plausible." *Id.* However, this is not a complex litigation case. Therefore, although the "complaint must contain something more than a general recitation of the elements of the claim," it "merely needs to give the [D]efendant[s] sufficient notice to enable [them] to begin to investigate and prepare a defense." *Id.* at *8.

The Defendants argue that *Twombly* requires more than conclusory statements such as that Midland falsely stated the amount of the debt and filed the state court complaint beyond the statute of limitations. However, "conclusory statements are not barred entirely from federal pleadings." *Id.* As Guevara explains, her complaint "alleges not only which statements in Defendants' State Lawsuit were false, but specifically why and how those statements were false; moreover, the Complaint alleges which of Defendants['] collection actions were unfair or unconscionable and how or why those actions were unfair or unconscionable." Pl.'s Resp. at 12

11

(citing to Compl. ¶¶ 7-12, 16-17, 20-21).  Most significantly, Guevara attaches a copy of Midland's State Court Complaint to her FDCPA complaint and also references the motion to dismiss she filed in state court.  *See* Compl. Ex. A; *id.* ¶¶ 8, 12.  Since the Defendants in this case were the plaintiff and counsel to plaintiff in the state court case at issue, these references provide sufficient notice to enable the Defendants to begin to investigate and prepare a defense.  To argue otherwise is disingenuous.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss [23] is denied.  The parties shall appear for a status hearing at which time a scheduling order will be entered.

ENTER:

  /s/  
JOAN B. GOTTSCHALL  
United States District Judge

DATED: June 20, 2008